Wanamaker, J.
The first question of merit involved here is: Did the court of common pleas have jurisdiction over the person of the defendant, James L. Adams?
■ Whethér or not the original service was in all respects in compliance with law, the trial court held that the defendant Adams had “ entered his appearance by the filing of a general demurrer, and by certain motions and affidavits herein.”
The bill of exceptions itself discloses the following demurrer as originally filed by said James L. Adams:
“Now comes James L. Adams and files this his demurrer to the petition of plaintiff filed herein, and for cause of demurrer says that said petition does not state facts sufficient to constitute a cause of action, and that the action for a money judgment *361 and forfeiture are improperly joined as the contract on which the action is based does not provide for a forfeiture.”
The bill of exceptions further discloses that ‘ ‘ after said demurrer was filed in the court of common pleas,” there was inserted by lead pencil this language: “For the purpose of this demurrer and not entering his appearance herein for any other purpose.”
It has long been the settled rule of our courts that such demurrer as originally filed in this cause constitutes a waiver of any defect in the service and is equivalent to an entry of appearance.
The lead pencil insertion thereafter made is insufficient to withdraw such appearance when once entered. The record is very fragmentary and incomplete as to showing the motions and affidavits referred to in the journal entry of the court of common pleas.
There is sufficient in the transcript of docket and journal entries in that court to indicate the likely nature of the affidavits and motions, and there is nothing in the entries to in any wise impair the judgment of the court pertaining to such entry of appearance.
It is shown by the journal entry of the Court of Appeals that when the cause came into that court on error it was dismissed, because:
“Counsel for plaintiff in error, James L. Adams, has failed to file a brief, as required by Section 11572, of the General Code of Ohio, or at all.”
Now, Section 11572 fails to disclose any requirement as to the filing of briefs. The petition in er *362 ror filed in the Supreme Court complains of the judgment below, however, upon this ground:
“The said Court of Appeals erred in enforcing an arbitrary rule as to filing briefs, and with which plaintiff in error was not acquainted,” etc.
Presumably the error complained of was not in Section 11572, General Code, as indicated by the journal entry filed by plaintiff in error, but rather in a rule of the court. The rule does not appear in the printed record, but the Court of Appeals has a perfect right to have a rule providing for the filing of briefs that causes therein may be duly expedited.
The record in the Court of Appeals, as filed in this court, discloses the fact that the petition in error in the Court of Appeals was filed August 13, 1921. More than four months had elapsed when the hearing was had in the Court of Appeals, which resulted in the dismissal of the cause for failure to file briefs.
We cannot say that dismissal of the proceedings in error by the Court of Appeals after four months’ delay, in which there was no apparent effort made to advise the court of the errors complained of by proper brief, or by authorities urged in support of such errors, would be the exercise of arbitrary power on the part of the Court of Appeals, especially since there is nothing in the record tending in any wise to show an abuse of discretion.
We find no error in the proceedings below as disclosed by the recox’d filed in this ease.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.